[641 NYS2d 379]

In the Matter of LEON KORNFELD, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 22, 1996

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Gary D. Egerman* of counsel), for petitioner.

*Richard E. Grayson,* White Plains, for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with two allegations of professional misconduct. The Special Referee

sustained Charge One in its entirety and Charge Two to the extent that it alleged a violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]). The Grievance Committee moves to confirm the report of the Special Referee in full. The respondent has submitted an affirmation in response requesting that any discipline imposed be limited to the "time served" of the suspension or, in the alternative, that the suspension be limited to one year, commencing March 20, 1995, and that, in either event, the respondent be automatically reinstated upon the termination of the suspension.

Charge One alleged that the respondent has been convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b).

On April 26, 1994, the respondent was charged in a felony complaint with one count of grand larceny in the third degree, a class D felony. It was alleged that between January 27, 1988 and September 8, 1993, the respondent stole approximately $3,318 from Empire Blue Cross and Blue Shield by altering the amounts on medical prescription receipts which he submitted for payment on approximately 207 occasions. On July 21, 1994, the respondent pleaded guilty before the Honorable Barry Birbrower, City Court Judge, City of Peekskill, to a reduced charge of petit larceny, a class A misdemeanor under Penal Law § 155.25. The maximum allowable fine of $1,000 was imposed.

Charge Two alleged that the respondent engaged in conduct that reflects adversely on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), based on the factual allegations set forth in Charge One:

Upon our review of the evidence adduced, we find that the Special Referee properly sustained the charges to the extent indicated. The petitioner's motion to confirm the Special Referee's report is, therefore, granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigation offered by the respondent, including the pressures of his practice, personal and family pressures, his previously unblemished record, and his voluminous character references. However, the duration and scope of the respondent's theft and the fact that he requested handwritten receipts from the pharmacy in order to continue his practice, belies any finding that such conduct was impulsive.

Under the circumstances, the respondent is suspended from the practice of law for a period of two years.

MANGANO, P. J., BALLETTA, ROSENBLATT, MILLER and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Leon Kornfeld, is suspended from the practice of law for a period of two years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (see, 22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Leon Kornfeld, shall continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.