Matter of Kornfeld (2018 NY Slip Op 07430)





Matter of Kornfeld


2018 NY Slip Op 07430


Decided on November 7, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
JOHN M. LEVENTHAL, JJ.


2016-05972

[*1]In the Matter of Leon Kornfeld, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Leon Kornfeld, respondent. (Attorney Registration No. 2146868)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 18, 1963. By decision and order on motion of this Court dated February 8, 2017, inter alia, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based on a verified petition dated June 14, 2016, and the matter was referred to the Honorable Alfred J. Weiner, as Special Referee, to hear and report. Pursuant to 22 NYCRR 1240.8(a)(2), the parties filed a joint statement of undisputed facts. By decision and order on motion of this Court dated August 11, 2017, the parties were directed to proceed to a hearing to allow for the submission of mitigating and aggravating evidence.



Gary L. Casella, White Plains, NY (Antonia Cipollone of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Ninth Judicial District served the respondent with a petition dated June 14, 2016, containing seven charges of professional misconduct. After a hearing on September 28, 2017, the Special Referee issued a report, which sustained all the charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. Although served with a copy of the motion papers, the respondent has neither responded nor requested additional time in which to do so.
Undisputed Facts
By virtue of the joint statement of undisputed facts, and the evidence adduced at the hearing, the following facts are not in dispute.
As relevant herein, the respondent was a signatory for an attorney trust account maintained at Hudson City Savings Bank, entitled "IOLA, Attorney Trust Account Leon Kornfeld Esq." (hereinafter the trust account), and which he used incident to his practice of law.
Charge one alleges that the respondent breached his fiduciary duty, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent issued check no. 136 from the trust account payable to the Putnam County Clerk in the amount of $10, in payment of a business/operating expense. At that time, there were no funds on deposit in the trust account relative to this disbursement. When check no. 136 was presented for payment against the trust account on or about October 14, 2014, it was returned unpaid as a result of insufficient funds. On or about October 31, 2014, check no. 136 was again presented for payment, and again returned unpaid as a result of insufficient funds.
Charges two through six each allege that the respondent misappropriated funds [*2]received in connection with the sale of real property owned by the Wright Estate, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0).
On or about June 17, 2014, the respondent, as attorney for the seller, deposited into his trust account a $23,500 down payment in connection with the sale of real property owned by his client, the Wright Estate. The respondent was not required to, or permitted to, disburse the down payment prior to closing, which was held on August 21, 2014. While entrusted with the down payment funds for the Wright Estate sale, the respondent made disbursements from those funds for his own personal use, as follows:
As alleged in charge two, the respondent disbursed $2,000 from the trust account on or about June 19, 2014.
As alleged in charge three, the respondent disbursed $2,500 from the trust account on or about August 7, 2014. Of the $2,500 disbursed, $2,400 was transferred to an account for the benefit of Park DiBart Realty Corp., which is owned by the respondent. The respondent testified that the money was used to repair the roof for Park DiBart Realty Corp.
As alleged in charge four, the respondent disbursed $1,000 from the trust account on or about August 15, 2014.
At the time the respondent made the foregoing disbursements, the only funds in the trust account were the down payment funds for the Wright Estate sale, and neither the respondent nor his client were entitled to receive those funds at the time of each disbursement.
On or about August 21, 2014, the respondent deposited $1,575.49 into the trust account. Of that amount, $1,375.49 represented additional funds received on behalf of the Wright Estate at the closing on August 21, 2014. The sum of $200 represented fees the respondent deposited regarding liquor license applications. As alleged in charge five, during the period between June 17, 2014, and August 21, 2014, the respondent permitted the balance in the attorney trust account to fall below the amount he was required to hold in relation to the Wright Estate sale.
As alleged in charge six, between June 17, 2014, and September 4, 2014, the respondent disbursed funds in excess of the funds on deposit in the trust account, resulting in a negative balance of $1,995 in the account on September 4, 2014. On or about September 5, 2014, the respondent deposited the sum of $2,100 into the trust account, restoring a positive balance in the account.
Charge seven alleges that the respondent commingled personal funds with client funds, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0). While entrusted with the down payment for the pending sale for the Wright Estate, on July 18, 2014, the respondent deposited a check in the sum of $31,641.90 into the trust account, such sum representing the proceeds from the sale of stock belonging to the respondent's wife. The stock proceeds were not client funds. Thereafter, the respondent withdrew funds from the trust account, leaving an account balance of $23,500 on July 29, 2014, the amount he was required to maintain for the pending sale for the Wright Estate.
Findings and Conclusion
Based on the evidence adduced, and the respondent's admissions, we find that the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.
In determining an appropriate measure of discipline to impose, we have considered, in mitigation, that the client was made whole prior to the Committee's investigation, the respondent's cooperation with the Committee, his acknowledgment of wrongdoing and expression of remorse, as well as his claim that he has retired and does not intend to engage in the practice of law in the future. We further note that, while remote, the respondent's disciplinary record is not unblemished, as he was suspended by this Court in 1996 for a period of two years based on a conviction for petit larceny (Matter of Kornfeld, 219 AD2d 307). He was reinstated to the Bar on December 16, 1998.
Under the totality of the circumstances, we conclude that the respondent's misconduct warrants a suspension from the practice of law for a period of two years (see Matter of Kalba, 164 AD3d 39; Matter of Weiss, 157 AD3d 87).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and LEVENTHAL, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Leon Kornfeld, is suspended from the practice of law for a period of two years, commencing December 7, 2018, and continuing until further order of this [*3]Court. The respondent shall not apply for reinstatement earlier than June 8, 2020. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Leon Kornfeld, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Leon Kornfeld, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Leon Kornfeld, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court